UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

KIMBERLY-CLARK WORLDWIDE, INC.,

       Plaintiff,

       v.

NATY AB,

       Defendant.

Case No. 1:12-cv-5618

**COMPLAINT AND JURY DEMAND**

Plaintiff Kimberly-Clark Worldwide, Inc. ("Kimberly-Clark"), for its Complaint against Defendant Naty AB ("Naty"), alleges as follows:

**The Parties**

1. Kimberly-Clark is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business in Neenah, Wisconsin.

2. Upon information and belief, Naty is a foreign corporation organized under the laws of Sweden and having its principal place of business in Nacka, Sweden.

**Jurisdiction and Venue**

3. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Naty because Naty's products are sold in, distributed to and shipped into the Northern District of Illinois, and because, on information and belief, Naty has done and is doing business in this District. Upon information and belief,

Naty has knowingly and intentionally placed its products into the stream of commerce through established distribution channels expecting them to be shipped into and purchased by customers in this Judicial District. In addition, Naty has shipped into, and sold in, this District products that infringe on Kimberly-Clark's patent that is the subject matter of this lawsuit.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (d).

**Infringement of U.S. Patent No. 5,496,298**

7. On March 5, 1996, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 5,496,298 ("the '298 patent") to Rebecca J. Kuepper and Christine A. Rasmussen.

8. On October 4, 2011, the PTO issued an Ex Parte Reexamination Certificate pursuant to which claims one through thirty of the '298 Patent were canceled, but four new claims, numbered thirty-one through thirty-four, were added.

9. Kimberly-Clark is the current owner and assignee of the '298 patent.

10. On information and belief, Naty has infringed and continues to infringe the '298 patent by making, using, offering to sell, selling, and/or importing products that are covered by one or more claims of the '298 patent.

11. Specifically, Naty makes and uses a diaper product under the trade name "Nature Babycare," which it offers to sell and sells in the United States through various online and retail outlets, and which it imports into the United States in furtherance of such sales.

12. The Nature Babycare diaper has the following features:

    a. a front and rear portion, connected by a crotch portion;

    b. an outer cover;

    c. a liquid pervious bodyside liner;

    d. absorbent material located between the outer cover and the bodyside liner;

    e. elastomeric ears attached to the rear portion of the diaper and having the following features:

      1. a distal edge;

      2. a proximal edge that is longer than the distal edge;

      3. a first connecting edge connecting the distal and proximal edges;

      4. a second connecting edge connecting the distal and proximal edges; and

      5. the second connecting edge comprising two segments, the first segment extending outward from the ear's proximal edge and being generally parallel to the first connecting edge, and the second segment extending between the first segment and the ear's distal edge, with the second segment additionally being (i) non-parallel to the first connecting edge; and (ii) arcuate;

    f. a fastener joined to the elastomeric ears for attaching the ears to the front portion of the diaper, wherein, when the diaper is in use, the ear's second connecting edge comprises at least a portion of a leg opening.

13. Bearing these features, the Nature Babycare diaper infringes at least claims 31, 32, and 34 of the '298 Patent.

14. Kimberly-Clark has been damaged by Naty's infringement.

15. Naty's acts of infringement have been without express or implied license by Kimberly-Clark, are in violation of Kimberly-Clark's rights, and will continue unless enjoined by this Court.

16. Kimberly-Clark has been and will continue to be irreparably harmed by Naty's infringement of the '298 patent.

WHEREFORE, Kimberly-Clark respectfully requests:

A. Injunctive relief prohibiting further infringement of the '298 Patent by Naty, its officers, agents, employees, attorneys, and all those persons in active concert or participation with any one or more of them;

B. Damages to compensate Kimberly-Clark for Naty's infringement of the '298 Patent, together with prejudgment and postjudgment interest;

C. An assessment of costs against Naty;

D. Such other and further relief as this Court deems just and proper.

## Jury Demand

Kimberly-Clark hereby requests trial by jury.

Dated: July 17, 2012     Respectfully submitted,

*s/ Jennifer L. Gregor*
Jennifer L. Gregor (IL Bar No. 6286281)
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Post Office Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
Email: jgregor@gklaw.com

*Of Counsel:*
Daniel T. Flaherty
GODFREY & KAHN, S.C.
100 West Lawrence Street
Appleton, WI 54911
Phone: 920-830-2800
Fax: 920-830-3530
Email: dflaherty@gklaw.com

Anthony S. Baish
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Phone: 414-273-3500
Fax: 414-273-5198
Email: tbaish@gklaw.com

Attorneys for Plaintiff,
Kimberly-Clark Worldwide, Inc.

8200578_1